IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Karen L. Minor, *as Personal Representative*       *
*of the Estate of Stephen P. Minor;*                   *
                                                          *
v.                                                     *           Civil Action No. 20-406
                                                          *
Union Carbide Corporation, *et al.*           *

**MEMORANDUM AND ORDER**

Pending before the court is a dispute as to whether Karen Minor may call Ted Wilson to testify as a product identification witness at trial, and whether Minor may be granted 60 days to make Wilson available for deposition.[1] The defendants[2] argue that the plaintiffs[3] did not provide Wilson's address to the defendants or make him available for deposition within the time limits set by the Circuit Court for Baltimore City, before the case was removed, and should not be able to call him as a witness now.

The circuit court's pre-trial scheduling order set the deadlines in this case before it was removed to this court. (ECF 11-13). Of relevance here, that order set a deadline of September 11, 2019, for the plaintiffs to identify fact witnesses who may testify at trial. (*Id.*) According to the order, the plaintiffs had to provide addresses for witnesses they could not voluntarily produce for a deposition without a subpoena from the defendants. (*Id.*) The scheduling order also set a deadline of December 23, 2019, as the last day for depositions of the plaintiffs' product

---

[1] Minor initially requested time to identify not more than five product identification witnesses who could testify at trial. (ECF 41, Joint Status Report at 7). She now states she plans to call only one plaintiff-specific product identification witness, Ted Wilson. (ECF 43, Plaintiff's Memorandum at 3). Minor states she still plans to call two or three general product identification witnesses by use of their depositions, (*id.* at 3 n.3), which the defendants do not appear to contest.
[2] The defendants are General Electric Company, ViacomCBS, Inc. f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, Foster Wheeler, LLC, and Union Carbide Corporation.
[3] Stephen and Karen Minor were both plaintiffs while this case was in the Circuit Court for Baltimore City. Stephen Minor has since died, and Karen Minor, as personal representative of his estate, has been substituted as a real party in interest. (ECF 49).

1

identification fact witnesses who the plaintiffs are able to voluntarily produce for deposition. (*Id.*). Finally, by January 7, 2020, the plaintiffs were to file their "most likely to use" general product identification fact witnesses who had been previously deposed.

Ted Wilson was identified in the September 11, 2019, list of fact witnesses, but his address was not provided. (ECF 52-1). He was not deposed prior to December 23, 2019, and was not identified in the plaintiffs' designation of most likely to use general product identification fact witnesses who have been previously deposed, (ECF 52-2). The case was removed to this court on February 17, 2020. (ECF 1). According to Minor's counsel, he did not obtain Wilson's address until July 8, 2020. (ECF 43-1, Nolan Decl. ¶ 3).

Although the scheduling order in question was issued by the Circuit Court of Baltimore City, the court considers Federal Rule of Civil Procedure 16(b)(4), providing that "[a] schedule may be modified only for good cause and with the judge's consent." Here, the court finds good cause to allow Minor to identify Wilson as a product identification witness who may testify at trial. First, Wilson was identified in the September 11 letter, and there appears to be some confusion about which party was responsible for initiating Wilson's deposition under the circuit court's scheduling order. Minor has limited the request to identify additional product identification witnesses only to Wilson. Further, expert discovery is ongoing, no trial date has been set, and allowing Minor to identify Wilson as a witness will not cause significant delay. Finally, it appears there was some difficulty in obtaining Wilson's address.

Accordingly, the court allows Minor to name Wilson as a product identification witness who may testify at trial. Minor proposes that she be given 60 days from the date of the scheduling order to make Wilson available for deposition, which the court finds is reasonable.

Finally, the parties shall submit a joint, agreed upon schedule to the court within 14 days of the date of this Order.

So Ordered this 12th day of August, 2020.

/s/
Catherine C. Blake
United States District Judge